UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

        v.                          CIVIL ACTION NO. 3:09-0057

RESIDENCE SITUATED AT
932 ELEVENTH AVENUE,
HUNTINGTON, CABELL COUNTY,
WEST VIRGINIA, TOGETHER WITH
ALL IMPROVEMENTS THEREON AND
APPURTENANCES THERETO,

                Defendant.


(James Edward Tubbs,
 Criminal No. 3:08-00186)


### VERIFIED COMPLAINT OF FORFEITURE

        Comes now the United States of America, by and through its
attorneys, Charles T. Miller, United States Attorney for the
Southern District of West Virginia, and Betty A. Pullin, Assistant
United States Attorney for the Southern District of West Virginia,
and respectfully states as follows:

### NATURE OF THE ACTION

        1.   This is a civil action in rem brought on behalf of the
United States of America, pursuant to 18 U.S.C. §§ 983(a) and 985,
to enforce the provisions of 21 U.S.C. § 881(a)(6) and (a)(7) for
the forfeiture of certain real property constituting proceeds of,
or which was used or intended to be used in any manner or part to

commit or to facilitate the commission of, one or more violations of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## THE DEFENDANT IN REM

2. The defendant real property consists of a residence having a street address of 932 Eleventh Avenue, Huntington, Cabell County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed dated September 8, 2003, and recorded in the Office of the Clerk of the County Commission for Cabell County, West Virginia, in Deed Book 1113 at page 279. The property is presently titled in the name of Venita Tubbs, whose mailing address is: 23581 Condon Street, Oak Park, Michigan, 48237, however, evidence obtained during an investigation suggests that the defendant real property is actually owned by Venita Tubbs' son, James E. Tubbs who is presently incarcerated.

3. There is an unreleased deed of trust in the amount of $50,000 of record against the defendant real property in favor of the Robert Tilford Isaacs Testamentary Trust, Steven B. Pritts Trustee.

4. The above-described real property has not been seized nor otherwise restrained by the United States. However, should exigent circumstances arise during the course of this case which would necessitate its seizure, the United States may seek seizure pursuant to the procedures set forth in 18 U.S.C. § 985(d).

## JURISDICTION AND VENUE

5.  Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6.  This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. 1355(b) since the acts giving rise to forfeiture occurred in this district.

7.  Upon the filing of this verified complaint, the United States will post the defendant real property, record a notice of lis pendens with the County Clerk and provide notice as set forth in 18 U.S.C. § 985©. Additionally, the United States intends to seek a Writ of Entry to allow entrance to the defendant real property for limited purposes.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1395(b), because the property is located in this district; and pursuant to 21 U.S.C. § 881(j), because the criminal prosecution against the property's owner was brought in this district. See, United States v. James E. Tubbs, Criminal No. 3:08-00186(USDC SDWV).

## BASIS FOR FORFEITURE

9.   The defendant real property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7) because it was used or intended to be used, in any manner or part, to commit or to facilitate the commission of one or more violations of 21 U.S.C. §§ 801 et seq., or constitutes proceeds traceable to such violations.

## FACTS

10.   The facts giving rise to the forfeitability of the defendant real property are as follows:

a.   On August 8, 2008, detectives with the Huntington Police Department drug unit executed a state search warrant at the defendant real property, known to them to be the residence of James Edward Tubbs, also known as "J.T."

b.   The drug unit obtained the state search warrant after conducting six controlled buys from Leon McReynolds on a sidewalk beside the house.  On at least three of those buys, McReynolds was seen leaving the defendant real property immediately before the buys and returning to the house immediately after.

c.   Upon entry of the residence by the SWAT Team, Tubbs attempted to escape through the back door, but was intercepted. The back door provides direct access to the kitchen and pantry areas of the house.

4

d.  A search of the kitchen area resulted in the officers finding the following controlled substances inside the automatic dishwasher located in the kitchen:  seven 125-gram bags of a substance that field-tested positive for cocaine; one 66-gram bag of cocaine; and 270 80-milligram oxycontin pills.  Other items found during the search of the house consisted of (1) two assault rifles; (2) three handguns with corresponding ammunition; (3) a black digital scale; (4) utensils for cooking cocaine into crack cocaine; and (4) a money counter.  An NCIC search revealed that one of the assault rifles was stolen.

11.  On August 27, 2008, a federal grand jury sitting in the Southern District of West Virginia at Huntington returned a three-count indictment against James Edward Tubbs, also known as "J.T.," charging him with one count of possession with intent to distribute 500 grams or more of cocaine, one count of possession with intent to distribute a quantity of oxycodone and one count of making the defendant real property, which was under his management and control, available for use as a site to store quantities of cocaine.  See, United States v. James Edward Tubbs, also known as "J.T.," Criminal No. 3:08-00186 (USDC SDWV).  A copy of this indictment is attached hereto and incorporated herein as "Government Exhibit A."

12.  On November 3, 2008, Tubbs, with assistance of counsel, appeared before the Honorable Robert C. Chambers, United States

5

District Judge, and pled guilty to Count One of the indictment, that is, possession with intent to distribute 500 grams or more of cocaine on August 8, 2008, in violation of 21 U.S.C. § 841(a)(1). Tubbs is presently scheduled to be sentenced on February 23, 2009.

13.   Under the terms of the agreement entered into with the United States, Tubbs agreed that the defendant real property constituted proceeds of or facilitated the distribution of controlled substances and further agreed to forfeit the property to the United States.   Additionally, under the same agreement, Tubbs further admitted that the property was titled in the name of his mother Venita Tubbs, but that he had made the downpayment and all subsequent monthly payments on the mortgage, that his mother was merely a nominee/straw owner of the property and that he, Tubbs, was the true owner of the real property.

14.   For the foregoing reasons, the defendant real property is forfeitable to the United States, pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7), as property constituting proceeds traceable to or which was used to commit or to facilitate the commission of one or more controlled substance violations.

WHEREFORE, the United States prays that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted such other

relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                              Respectfully submitted,

                              CHARLES T. MILLER
                              United States Attorney

          By:    s/Betty A. Pullin
                 Betty A. Pullin, WV Bar Number: 5590
                 Attorney for the United States
                 United States Attorney's Office
                 300 Virginia Street, East, Room 4000
                 Charleston, West Virginia 25301
                 Telephone: (304) 345-2200
                 Fax: (304) 347-5104
                 Email: betty.pullin@usdoj.gov

## VERIFICATION

STATE OF WEST VIRGINIA
COUNTY OF CABELL, TO-WIT:

I, Paul Hunter, Detective with the Huntington Police Department and presently on assignment to the Huntington Violent Crimes and Drug Task Force, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on ___01-12-09___.

_Paul Hunter_
PAUL HUNTER

Taken, subscribed and sworn to before me this _12th_ day of January, 2009.

_Opal Marie Fortner_
Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
OPAL MARIE FORTNER
HUNTINGTON POLICE DEPT.
675 - 10TH STREET
HUNTINGTON, WV 25701
My Commission Expires May 31, 2010

My commission expires on _May 31, 2010_.

8